**FILED**

# UNITED STATES DISTRICT COURT
## FOR THE _____ DISTRICT OF Florida

2009 SEP -8 PM 1:30

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

|  |  |
|---|---|
| URIBE-ROCHA, EDGAR. ) <br> Petitioner, Pro se ) <br> ) <br> v. ) <br> ) <br> ERIC HOLDER, Attorney General of ) <br> The United States, Janet Napolitano, ) <br> Secretary, U.S. Department of ) <br> Homeland Security, and the Field ) <br> Office Director for Detention and Removal ) <br> Miami District Office, U.S. Immigration ) <br> And Customs Enforcement. ) <br> ) <br> Respondents. ) | No. FIN: 1091108256 <br> 2:09-CV-587-FtM-99SPC <br><br> Alien File No. 018-620-522 <br><br> EVENT No: KR00802000236 |

## PRO SE PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, URIBE-Rocha EDGAR, has presently been detained by the U.S.

Immigration and Customs Enforcement Agency for a total of ___3___ months while awaiting

removal to AWAiTiNG THE AppeAL By, the country of his birth, and
                                    DHS

Columbia ___, has refused to issue travel documents to him. An Immigration Judge or

Board of Immigration Appeals ordered petitioner removed on 3-6-09 (DHS APPEAL)

Petitioner entered immigration custody on JUNE 16, 2009 and has been

detained in the following immigration detention
facilities. GLADES County SHERIFF Office  HERNANd County SHERIFF Office.
GLADES County SHERIFF Office.

where he has languished for __6__ months. Petitioner files this Petition for a Writ of Habeas Corpus to remedy his ongoing detention in violation of the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001). Petitioner does not challenge the validity of the removal order against him. Rather, he challenges his continued detention by Respondents, who refuse to release him even though they are unable to deport him and will be unable to deport him in the reasonably foreseeable future. Petitioner states as follows:

## JURISDICTION

1. This action arises under the United States Constitution and the Immigration and Nationality Act of 1952, 8 U.S.C. § 1101 et seq. ("INA"), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 1570. This Court has jurisdiction over this petition for writ of habeas corpus under 28 U.S.C. § 2241, art. I, § 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. § 1331. Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. See Zadvydas v. Davis, 533 U.S. 678 (2001). This Court may grant relief pursuant to 28 U.S.C. § 2241, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

2. Venue in this District is proper under 28 U.S.C. § 1391 because the Officer in Charge who makes custody decisions in Petitioner's case is located within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Petitioner has exhausted his administrative remedies to the extent required by law. Petitioner's various though unsuccessful efforts to assist in his removal are irrelevant to the

Question of exhaustion. No statutory exhaustion requirements apply to Petitioner's claim of unlawful detention, and the only remedy for his continued unlawful indefinite detention is by way of judicial action.

## **PARTIES**

4. Petitioner was born in _____COLOMBIA_____ on _____12·9·57_____ he has resided in the United States since his entry in _____APRIL, 27, 1969_____ and has lived in _N.Y.C_ since _____1969_____. He is currently detained at _____I.C.E._____ detention facility at _GLADES COUNTY SHERIFFS OFFICE._

5. Respondent, Eric Holder is sued in his capacity as the Attorney General of the United States. In that capacity, he has responsibility for the administration and enforcement of the immigration laws pursuant to 8 USC § 1103 and is a legal custodian of Petitioner.

6. Respondent, Janet Napolitano is sued in her capacity as the Secretary of the Department of Homeland Security. In that capacity, she has responsibility for the administration and enforcement of the immigration laws pursuant to 8 USC § 1103 and is a legal custodian of Petitioner.

7. Respondent, _____I C E_____ is sued in his/her capacity as the Field Office Director for Detention and Removal in the Miami District Office, U.S. Immigration and Customs Enforcement. As the Field Office Director for Detention and Removal, he is a legal custodian of Petitioner.

8. Respondent, _____I C E_____ is sued in his capacity as

Sheriff. As Sheriff of the facility where Petitioner is detained, he is Petitioner's legal custodian.

9.  The Department of Homeland Security is the agency responsible for enforcing the

immigration laws and is Petitioners' legal custodian.

## STATEMENT OF FACTS

10.  Petitioner reserves the right to amend and supplement this statement of facts after he

receives a copy of his file from immigration authorities.

11.  Petitioner was born on ___12-9-57___ in ___Bogota Colombia___.

    (Date – Month Day, Year)          (City, Country)

12.  The following members of Petitioner's family are either citizens or green card

holders: (Please indicated either "citizen" or "green card" next to each name) _____

Douglas Samin Uribe (Brother, Green Card) Diana Uribe (citizen) Monica

Uribe (citizen) Adriana Friedman (citizen) Francisco Eduardo Uribe (citizen)

Doris Uribe (citizen) Raquel Mathews (citizen) Miriam Lizaralde (citizen)

Jeff Freidman (citizen) Wilma Uribe (citizen) Matthew Uribe (Son Citizen)

Jordan Uribe (Son, Citizen) Lucas Uribe (Son, citizen)

13.  Petitioner was ordered removed from the United States on ___DHS Appeal - 3-6-09___

    (Date – Month Day, Year)

14.  Appeal? ___Yes___ Petitioner's appeal was denied on _____.

    (Yes or No)                    (Date – Month Day, Year)

15.  Petitioner has been detained in the following locations: ___Glades Detention___

___Hernando County and then back to Glades___

___Detention.___

16.  Since Petitioner has been detained, he has made various efforts to facilitate his

deportation. He has: (Circle all those that apply)

a. Written *N/A* letters to his consulate asking for them to issue travel

documents. (attach copies of letters)

b. Filled out form from DHS requesting travel documents to his consulate.

c. Called his consulate to ask for issuance of travel document _____ times.

(Provide dates of calls and names of individuals you spoke to) _____

_____ *N/A* _____

_____

d. Provided his deportation officer with the following documents or information

to assist with his deportation: *RESULTS OF THE CASE*

*IN FRONT OF JUDGE JOHN OPACIUCH.*

*I WAS ORDERED NOT DEPORTED. (AWAITING DHS APPEAL RESULTS)*

17. The response from the consulate or Embassy was as follows: (The consulate or

Embassy staff are hired by your home country and are in charge of issuing permission to you to

return to that country once your identity and nationality can be verified. There should be a way to

call your consulate for free from the jail. Consulate and Embassy staff are not the same as

deportation officers.) (circle all that apply)

a. The jail where I am detained does not have free phone lines to the consulate,

or they do not work and I have been unable to call. (please explain)

_____ *N/A* _____

_____

b. The consulate never responded or never gave me any information.

c. I spoke to Mr./Ms. *N/A* from the consulate who told me _____

_N/A_

d.  I received the attached letter from my consulate saying that (attach letter) ___

_N/A_

18.  To date, Petitioner has spent a total of __*180*__ languishing in administrative
(Days)

immigration detention.

19.  Petitioner is unlikely to be removed in the reasonably foreseeable future.

**EQUAL ACCESS TO JUSTICE ACT**

20.  The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, permits this Court to

award attorney fees and costs to Petitioner if he prevails because this action is a civil action

brought against agency officials and an agency of the United States.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**STATUTORY VIOLATION**

21. Petitioner re-alleges and incorporates by reference all paragraphs above.

22. Petitioner has been in the physical custody of the Department of Homeland Security

("DHS") and Bureau of Immigration and Customs Enforcement ("BICE") for __*180*__
(Days)

He has repeatedly applied for documents from the government of __*N/A*__. The
(Country Name)

government of __*N/A*__ has not issued travel documents.  Petitioner has described in
(Country Name)

paragraphs 16 and 17 above the attempts made and the responses given for why he has not been

deported. Based on these efforts and responses, and the length of Petitioner's administrative

detention, the United States government is unlikely to be able to effect his deportation in the

reasonably foreseeable future.

23. Petitioner's detention in federal custody violates § 241(a)(6) of the Immigration and

Nationality Act, 8 U.S.C. § 1231(a)(6), as interpreted by the U.S. Supreme Court in Zadvydas.

The six-month presumptively reasonable period of detention to allow for removal efforts has

lapsed. Petitioner is unlikely to be deported in the reasonable foreseeable future, among other

reasons, due to the long-standing refusal of the ____*N/A*____ government to issue travel
(Country Name)

documents to Petitioner. The U.S. Supreme Court held in Zadvydas that the continued indefinite

detention of an alien in Petitioner's circumstances is not authorized by INA § 241(a)(6). See

Zadvydas, 533 U.S. at 689, 699.

## COUNT TWO

### SUBSTANTIVE DUE PROCESS VIOLATION

24. Petitioner re-alleges and incorporates by reference paragraphs 1 to 27 above.

25. Petitioner's continued indefinite detention violates his right to substantive due process

by depriving him of his fundamental liberty interest. The U.S. Supreme Court recognized in

Zadvydas that aliens in Petitioner's circumstances, who are admitted to the United States and

subject to a final order of removal, yet languish in detention pending their illusory removal to

their countries of origin, are protected by the Due Process Clause. Id. at 690-95. They may

only be detained for a period of time reasonably necessary to secure their removal. Id. at 689.

26. Zadvydas established that although the Government ordinarily secures an alien's

release during a ninety day removal period, the government has six months during which it is

presumptively reasonable to detain an alien. However, once that six month period has elapsed,

where there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence to the contrary.

27. There is very good reason to believe that Petitioner is not likely to be removed in the reasonably foreseeable future. Namely, 1) federal immigration authorities have been unsuccessful at removing Petitioner to ____N/A____ even though they had more than

(Country Name)

sufficient time during the *6 Mrs* months during which Petitioner has languished in detention. Additionally, efforts made by Petitioner to assist in his deportation, described in paragraphs 16 and 17 have been unsuccessful in obtaining travel documents for Petitioner.

28. Because Petitioner is not likely to be removed in the reasonably foreseeable future, the government does not have the authority to continue this deprivation of Petitioner's liberty. The due process clause requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. While the government would have a compelling government interest in detaining an alien in order to effect his removal, such interest does not exist when the alien is unlikely to be removed. Because Petitioner will not be removed in the foreseeable future, his detention is not narrowly tailored to serve a compelling government interest and violates his right to substantive due process under the U.S. Constitution.

## COUNT THREE

### REQUEST FOR RELIEF

WHEREFORE, Petitioner requests that this Court:

1. Assume jurisdiction over this matter.

2. Issue a writ of habeas corpus directing Respondents to immediately release Petitioner from custody.

3. Award Petitioner reasonable costs; and